UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUFUS DEON WILSON, et al.,

       Plaintiffs,                                   Civil Action No. 2:16-cv-14197

vs.                                                   HON. BERNARD A. FRIEDMAN

MICHAEL C. MARTIN, et al.,

       Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT AND
CERTIFYING THAT AN APPEAL COULD NOT BE TAKEN IN GOOD FAITH**

This matter is before the Court on its own review of prisoners Rufus Deon Wilson and John Robert Davis's *pro se* civil rights complaint.

Plaintiffs are incarcerated at the United States Penitentiary Hazelton. Both plaintiffs, after a jury trial in this Court, were convicted of 18 U.S.C. §§ 1114, 1117, conspiracy to murder an employee of the United States; 21 U.S.C. §§ 841(a), 846, conspiracy to possess with intent to distribute controlled substances; and 18 U.S.C. §§ 2, 924(c), possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting. Plaintiff Davis was also convicted of 18 U.S.C. § 922(g), possession of a firearm as a felon; and 21 U.S.C. §§ 41(a), 846, attempt to distribute a controlled substance. Plaintiff Wilson was also convicted of 18 U.S.C. §§ 922(g), 924(e), possession of a firearm as a felon; and 21 U.S.C. § 841(a), possession with intent to distribute controlled substances. The Court sentenced Davis to 300 months of imprisonment and Wilson to mandatory life imprisonment. The convictions and sentences were affirmed on appeal. *See United States v. Wilson*, Nos. 14-2498, 14-2528 (6th Cir. June 24, 2016).

The complaint alleges that Plaintiffs' convictions resulted from "a fictitious stash house robbery that was created and orchestrated by undercover (ATF) agent." Compl. p. 3. Plaintiffs claim that during the investigation and prosecution, defendants violated their Fourth, Fifth, Sixth, and Fourteenth Amendment rights, engaged in a conspiracy, committed abuse of process, conducted a malicious prosecution, and fabricated evidence. *Id.* Plaintiffs seek "exoneration" and damages. *Id.* at 4.

Plaintiffs have been granted leave to proceed without prepayment of the filing fee for this action. The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams, Sr.*, 490 U.S. 319, 325 (1989).

The complaint alleges that defendants, all actors in the criminal investigation and prosecution that led to plaintiffs' imprisonment, committed acts that invalidate the convictions. Plaintiffs' claims are therefore barred by the favorable-termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on the claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87; *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no

matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

This is true regardless of the relief sought by the plaintiff. *Heck*, 512 U.S. at 487–89. The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. If plaintiffs were to prevail on their claims concerning the validity of their criminal proceedings, their convictions and continued confinement would be called into question. Consequently, such claims are barred by *Heck* and dismissed. This dismissal is without prejudice. *See Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) (holding that a case dismissed pursuant to *Heck* should be dismissed without prejudice so that plaintiff may reassert claims if they obtain a reversal or expungement of convictions).

Accordingly,

IT IS ORDERED that the complaint is summarily dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because the claims are barred by *Heck*.

IT IS FURTHER ORDERED that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443–45 (1962).

                                         s/ Bernard A. Friedman\_\_\_
                                         BERNARD A. FRIEDMAN
                                         SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 10, 2017
        Detroit, Michigan